BOARD OF TRUSTEES OF the NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN, Plaintiff–Appellee,

v.

Robert MONTANILE, Defendant–Appellant.

No. 14–11678.

United States Court of Appeals, Eleventh Circuit.

March 4, 2016.

John David Kolb, Gibson & Sharps, PSC, Louisville, KY, for Plaintiff–Appellee.

Peter K. Stris, Stris & Maher, LLP, Los Angeles, CA, Brian S. King, Law Office of Brian S. King, Salt Lake City, UT, Victor O'Connell, Stris & Maher, LLP, Gardena, CA, John V. Tucker, Tucker & Ludin, PA, St. Petersburg, FL, for Defendant–Appellant.

Before HULL, MARCUS and DUBINA, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

In *Board of Trustees of the National Elevator Industry Health Benefit Plan v. Montanile (Montanile II )*, 593 Fed.Appx. 903 (11th Cir.2014), this Court affirmed the district court's grant of summary judgment in favor of the Board of Trustees of the National Elevator Industry Health Benefit Plan (the "Board") in its lawsuit against Robert Montanile, in which the Board sought reimbursement for medical expenses it had paid on Montanile's behalf. The Supreme Court reversed our judgment and remanded for further proceedings. *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan (Montanile III )*, 577 U.S. ——, 136 S.Ct. 651, 193 L.Ed.2d 556 (2016). We now vacate our judgment that affirmed the district court's grant of summary judgment, and we remand with instructions.

The Board is the named fiduciary and administrator of the National Elevator Industry Health Benefit Plan (the "Plan"), an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* At all relevant times, Montanile was a covered employee under the Plan. The Board sued defendant Montanile in the United States District Court for the Southern District of Florida, seeking reimbursement in the amount of $121,044.02 for medical expenses the Board paid on Montanile's behalf after he was injured in a car accident by a negligent third party. *Bd. of Trustees of the Nat'l Elevator Indus. Health Benefit Plan v. Montanile (Montanile I )*, No. 9:12–cv–80746–CIV, 2014 WL 8514011, *1, *3 (S.D.Fla. Apr. 18, 2014).

After the Plan covered Montanile's medical expenses, Montanile sued the negligent driver and obtained a $500,000 settlement. *Id.* at *3. Pursuant to the Plan's terms, the Board asserted a right to be reimbursed out of the settlement proceeds for the medical expenses the Plan paid on Montanile's behalf, who is a member of the Plan. *Id.* at *2–3. The Board brought a suit under ERISA to enforce the Plan's reimbursement provision. *Id.* at *1.

In its complaint, the Board sought "equitable restitution in the form of a constructive trust or equitable lien with respect to the disputed funds held in ... [Montanile's] actual or constructive possession." *Montanile II,* 593 Fed.Appx. at 906 (quoting complaint) (alterations in original). The Board requested that Montanile "be ordered to turn over to the Plan any settlement funds in his actual or constructive possession (up to the amount of the benefits advanced by the Plan on his behalf) in order to enforce the written terms of the Plan of Welfare Benefits and ERISA." *Id.*

The parties cross-moved for summary judgment. *Montanile I,* 2014 WL 8514011, *1. The district court granted the Board's motion for summary judgment and denied Montanile's motion. *Id.* at *12.

On appeal, this Court affirmed. *Montanile II*, 593 Fed.Appx. at 904. Montanile argued that "the district court erred in finding that the Board could impose an equitable lien on the settlement funds because the funds had been spent or dissipated." *Id.* at 908. But we noted both parties' agreement that Montanile's argument was foreclosed by our then-binding precedent established in *AirTran Airways, Inc. v. Elem*, 767 F.3d 1192 (11th Cir.2014), vacated, ─── U.S. ───, 136 S.Ct. 979, 194 L.Ed.2d 1 (2016). *Montanile II*, 593 Fed. Appx. at 908. We explained that the *AirTran* Court held that "an equitable lien immediately attached to settlement funds where a plan provision's unambiguous terms gave the plan a first-priority claim to all payments made by a third party." *Id.* (citing *AirTran*, 767 F.3d at 1198). In *AirTran*, the "settlement funds were 'specifically identifiable,' and a plan participant's dissipation of the funds thus 'could not destroy the lien that attached *before*' the dissipation." *Id.* (citing *AirTran*, 767 F.3d at 1198). We found that *AirTran's* holding bound our decision, and we held that "the Board [could] impose an equitable lien on Montanile's settlement, even if dissipated, if his health benefit Plan gave the Plan a first-priority claim to the settlement payments Montanile received," which we found it did. *Id.*

Montanile appealed to the U.S. Supreme Court, which reversed our judgment and remanded the case for further proceedings consistent with its opinion. *Montanile III*, 577 U.S. ───, 136 S.Ct. at 662. The Supreme Court considered "what happens when a participant [in an employee benefits plan under ERISA] obtains a settlement fund from a third party, but spends the whole settlement on nontraceable items" for purposes of a plan fiduciary's suit to recover the cost of medical expenses. *Id.* 577 U.S. at ───, 136 S.Ct. at 655. The Court evaluated "whether a plan fiduciary can sue under [ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ] to recover from the participant's remaining assets the medical expenses it paid on the participant's behalf." *Id.* It held that "when a participant dissipates the whole settlement on nontraceable items, the fiduciary cannot bring a suit to attach the participant's general assets under § 502(a)(3) because the suit is not one for 'appropriate equitable relief.' " *Id.* The Court added: "In this case, it is unclear whether the participant dissipated all of his settlement in this manner, so we remand for further proceedings." *Id.*

The Supreme Court ended its opinion with these instructions:

Because the lower courts erroneously held that the plan could recover out of Montanile's general assets, they did not determine whether Montanile kept his settlement fund separate from his general assets or dissipated the entire fund on nontraceable assets. At oral argument, Montanile's counsel acknowledged "a genuine issue of . . . material fact on how much dissipation there was" and a lack of record evidence as to whether Montanile mixed the settlement fund with his general assets. A remand is necessary so that the District Court can make that determination.

*Id.* 577 U.S. at ───, 136 S.Ct. at 662.

Accordingly, we vacate our prior judgment and remand this case to the district court for further proceedings consistent with the Supreme Court's instructions.

**JUDGMENT VACATED AND CASE REMANDED TO THE DISTRICT COURT.**